UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHUBB SEGUROS PERU S.A. a/s/o Ingram Micro SAC and Saint Gobain Peru, S.A., INGRAM MICRO SAC, SAINT GOBAIN PERU, S.A., and INTCOMEX PERU SAC,

     *Plaintiffs,*

  - against -

M/V AS FORTUNA, her engines, boilers, etc., AS FORTUNA OPCO B.V., JAS FORWARDING SERVICES (IRELAND) LIMITED d/b/a/ Blue World Line, SHIPCO TRANSPORT INC., and ONBOARD LOGISTICS USA INC.,

     *Defendants.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

20-cv-3392 (ALC)(DF)

**DECLARATION OF KIPP C. LELAND IN SUPPORT OF MOTION**

  Pursuant to 28 U.S.C. § 1746, I, Kipp C. Leland, hereby declare that I am an attorney admitted to practice before this honorable Court, and am Senior Counsel with the law firm of Maloof & Browne LLC, attorneys for Defendant Shipco Transport Inc. ("Shipco") in the above-captioned matter, and as such, I am fully familiar with the facts alleged herein based on a review of the file maintained by the aforementioned law firm with respect to this matter, and I submit this Declaration in support of Shipco's Motion to be dismissed from this action and for full or partial summary judgment pursuant to Rule 12(c), Rule 19 and Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). I hereby attach the following true copies of documents submitted in support of Shipco's Motion:

  1)  Attached as Exhibit 1 is a true copy of Plaintiffs' response to Shipco's

Interrogatories, dated November 20, 2020. Note that though Plaintiffs' counsel signed the interrogatory answers, there is no indication as to who answered them on behalf of Plaintiffs, and Plaintiffs' counsel provided no verification was provided to affirm the truth of the answers provided, as required by Fed. R. Civ. P. 33(b).

2) Attached as Exhibit 2 is a true copy of the answer of Plaintiff Intcomex Peru SAC (hereinafter "Intcomex" or "Plaintiff") to Shipco's First Requests for Admission, dated December 18, 2020.

3) Attached as Exhibit 3 is a true copy of the answer of Plaintiff Intcomex to Shipco's Second Requests for Admission, dated January 15, 2021.

4) Attached as Exhibit 4 is a true copy of the answer of Plaintiffs to Shipco's Request for Production of Documents, dated November 20, 2020.

5) Attached as Exhibit 5 is a true copy of Plaintiffs' Initial Disclosures pursuant to Rule 26(a), dated October 30, 2020.

6) Attached as Exhibit 6 is a true copy of an injunction, dated December 10, 2019, issued by the High Court of the Republic of Singapore, pursuant to limitation proceedings filed there (hereinafter "Limitation Proceeding") by Defendant AS Fortuna OPCO B.V., the owner of the vessel M/V AS Fortuna (hereinafter "Vessel Owner"), which pursuant to Singapore law, states that it has enjoined suits against the Vessel Owner which arise out of the alleged grounding of the said vessel off the coast of Ecuador, the same alleged grounding Plaintiffs identified in the Amended Verified Complaint, D.E. 22, which is the subject matter of this action. This document was appended as "Attachment A" to Shipco's First Requests for Admission. The Declaration of Joseph Tan, an attorney admitted to practice law in Singapore, submitted in support of this motion, authenticates this injunction, and provides more detail concerning it and the status of legal

proceedings in Singapore.

   7)  Attached as Exhibit 7 is a true copy of a decision by the High Court of the Republic of Singapore, Dated April 14, 2020, pertaining to the Limitation Proceeding, which, *inter alia*, found that none of the claimants in said proceeding opposed the Vessel Owner's legal right to limit its liability to the limitation fund. A copy of this decision was appended as "Attachment B" to Shipco's First Requests for Admission. This decision is authenticated by Joseph Tan, an attorney admitted to practice law in Singapore, in his concurrently filed declaration.

   8)  Attached as Exhibit 8 is a true copy of the York-Antwerp Rules of 1974, obtained from the website "Lex Mercatoria" which is maintained and hosted by the University of Oslo, Norway, in fellowship with the Institute of International Commercial Law, Pace University, White Plains, New York.

   9)  Attached as Exhibit 9 are what are true copies of salvage contracts produced by Plaintiff in this litigation. The first two pages are believed to be the initial agreement to commence salvage of the M/V AS Fortuna (hereinafter the "Vessel")), signed by the master of the M/V AS Fortuna on behalf of the vessel and the cargo aboard, and by T&T Salvage (hereinafter "Salvor"), the salvor who would be salvaging the wreck. The third and following pages are believed to be a subsequent agreement between T&T Salvage and the owners of the cargo aboard, agreeing on the amount of salvage the owners of the cargo would pay to the salvors. Plaintiff did not produce the Appendix A, B and C referred to in this agreement, so this settlement agreement is incomplete.

   10)  Attached as Exhibit 10 is what is believed to be a true copy of a bill of lading issued by Dachser USA Air & Sea Logistics Inc. to Intcomex Inc. and Intcomex Peru SAC, in the form as produced to the parties in this action by Plaintiff in Plaintiff's document production.

11) Attached as Exhibit 11 is a true copy of a letter that lead counsel for Shipco in this action, David T. Maloof, Esq., sent to AS Fortuna Opco B.V., the owner of the M/V AS Fortuna (hereinafter "Vessel Owner"), tendering the defense of Shipco to the Vessel Owner.

12) Attached as Exhibit 12 is a true copy of an email exchange, whereby Patrick Lennon, an attorney representing the Vessel Owner, rejected Shipco's tender of defense on behalf of his client. I subsequently called Patrick Lennon on the telephone to ask why Shipco was not appearing to defend Shipco, and was told by him that Shipco believes this Court has no jurisdiction over his client. I have reviewed the docket in this action, and find that Plaintiff has not filed any proof of service of the summons and complaint upon the Vessel Owner, and has not sought leave of this Court to serve the Vessel Owner outside of the 90-day limit provided in Fed. R. Civ. P. 4(m).

13) Attached as Exhibit 13 is a true copy of an email obtained from Plaintiff's document production, which is believed to be the authorization by the insurer of Plaintiff Intcomex, which appears to be an insurance company identified as "AXA XL" (p. 1) or "XL Catlin Services SE" (p. 2), to pay the salvage which Plaintiff is seeking from Shipco as damages in this action (as well as what appears to be salvage in respect of other cargoes).

14) Attached as Exhibit 14 is a true copy of a General Average Guarantee (for signature by insurance companies), obtained from Plaintiff's document production, which identifies itself as covering cargo under Bill of Lading No. SMLU5384387A, which is the Seaboard Bill of Lading Number covering the cargo Intcomex is claiming for against Shipco (see Danes Declaration ¶9 and Exh. C).

15) Attached as Exhibit 15 is a true copy of a General Average Bond, obtained from Plaintiff's document production, signed by Intcomex, which covers the same cargo as Exhibit

14.

16) Attached as Exhibit 16 are true copies of excerpted pages from Leslie J. Buglass, *Marine Insurance and General Average in the United States: An Average Adjuster's Viewpoint*, (3d Ed. 1991), cited to in the Memorandum supporting Shipco's motion.

17) Attached as Exhibit 17 is a true copy of the BIMCO New Jason Clause, available on BIMCO's website BIMCO.COM, which can be downloaded at https://www.bimco.org/contracts-and-clauses/bimco-clauses/current/new_jason_clause and which was obtained on February 23, 2021.

18) Attached as Exhibit 18 are true copies of excerpted pages from D.J. Wilson and J.H.S. Cooke, *Lowndes & Rudolph, The Law of General Average and the York-Antwerp Rules*, §6.17 – 6.34 (1997), cited to in the Memorandum supporting Shipco's motion.

19) Attached as Exhibit 19 is a true copy of the law review article cited in the Memorandum supporting this motion, authored by Andrew D. Kehagiaras, entitled *Duty Call: Do Nvoccs have a Duty to Exercise Due Diligence to Make A Ship Seaworthy?*, published by the University of San Francisco Maritime Law Journal, 27 U.S.F. Mar. L.J. 37 (2015).

I declare, under the penalty of perjury under the laws of the United States of America, that the foregoing is true and correct, to the best of my knowledge and belief.

Executed on February 25, 2021.

                                                                                              Kipp C. Leland
                                                                                              Senior Counsel
                                                                                              Maloof & Browne LLC