USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __3/31/22__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
CHUBB SEGUROS PERU S.A. ET AL.,

                      Plaintiffs,

      -against-

AS FORTUNA OPCO B.V. ET AL.,

                      Defendants.
-------------------------------------------------------- x

1:20-cv-3392 (ALC)

**ORDER AND OPINION**

**ANDREW L. CARTER, JR., United States District Judge:**

      Plaintiffs Chubb Seguros Peru S.A., Ingram Micro SAC, Saint-Gobain Peru, S.A. and Intcomex Peru SAC bring this action against Defendants Shipco Transport, Inc. ("Shipco"), JAS Forwarding Services (Ireland) Limited d/b/a Blue World Line ("JAS Ireland") (collectively "NVOCC Defendants"), As Fortuna Opco B.V., Onboard Logistics USA Inc., and M/V As Fortuna, her engines, boilers, etc. Defendants Shipco and JAS Ireland now move for judgment on the pleadings, summary judgment, and dismissal for failure to join an indispensable party. For the reasons that follow, Defendants' motions are GRANTED.

## BACKGROUND

      The following facts are taken from allegations contained in Plaintiffs' amended complaint and the parties' Rule 56.1 statements. Plaintiffs are cargo owners or insurers of cargo that was aboard the vessel M/V As Fortuna ("Vessel"). The Vessel's owner is Defendant As Fortuna OPCO B.V. ("Vessel Owner"). Defendants Shipco and JAS Ireland are Non-Vessel Operating Common Carriers ("NVOCCs"). An NVOCC "is one who holds [itself] out to provide transportation for hire by water in interstate commerce . . . who assumes or has liability for safe transport." *Royal & Sun All. Ins., PLC v. Ocean World Lines, Inc.*, 612 F.3d 138, 140 n.2 (2d Cir. 2010) (quoting 1-1 Saul

Sorkin, Goods in Transit § 1.15(8)). "An NVOCC . . . does not undertake the actual transportation of the cargo," and instead "delivers the shipment to an ocean carrier for transportation." *Id*. (quoting Sorkin, *supra*, § 1.15(8)). Thus, "NVOCCs operate as middlemen," as "they arrange for relatively small shipments to be picked up from shippers, consolidate the smaller parcels, and ship them via a carrier or several carriers," but "do not . . . own or charter the ships that actually carry the cargo." *Ins. Co. of N. Am. v. S/S Am. Argosy*, 732 F.2d 299, 301 (2d Cir. 1984).

On September 13, 2018, the Vessel was grounded near Ecuador. The cargo was not physically damaged in the incident. Rather, the cargo owners and insurers seek to recover from Defendants Jas Ireland and Shipco the insurers' share of the salvage expenses the insurers paid to the salvor that carried out the salvage operation to recover the cargo.

## PROCEDURAL BACKGROUND

Plaintiffs initiated this action on May 1, 2020. ECF No. 1. Plaintiffs filed an amended complaint on August 10, 2020. ECF No. 22. Plaintiffs seek relief from NVOCC Defendants on the basis of the Vessel's unseaworthiness,[1] bringing claims for common law indemnity on the basis of negligence and the NVOCC Defendants' status as a common carrier, and breach of general maritime law and the International Maritime Dangerous Goods Code. On February 25, 2021, Shipco moved for judgment on the pleadings, summary judgment, dismissal for failure to join an indispensable party, and/or partial summary judgment limiting its liability to no more than $500

---

[1] "Seaworthiness is defined as the ability of a vessel adequately to perform the particular services required of her on the voyage she undertakes." *GTS Indus. S.A. v. S/S "Havtjeld"*, 68 F.3d 1531, 1535 (2d Cir. 1995) (internal quotation marks and citations omitted).

based on the contract. ECF No. 55. JAS Ireland moved for the same relief.[2] ECF No. 63. Plaintiffs filed their motion in opposition on March 22, 2021, and withdrew its claim under the International Maritime Dangerous Goods Code. ECF No. 75 at 4 n.2. On March 31 and April 1, 2021, the NVOCC Defendants filed their replies in support of the motions. ECF Nos. 80 and 85.

## LEGAL STANDARD

"When deciding Rule 12(c) motions for judgment on the pleadings, a court employs the standard that applies to motions to dismiss a complaint under Rule 12(b)(6). Thus, a court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-movant." *Walker v. Sankhi*, 494 F. App'x 140, 142 (2d Cir. 2012) (citations omitted). This tenet, however, is "inapplicable to legal conclusions." *Martine's Serv. Ctr., Inc. v. Town of Wallkill*, 554 F. App'x 32, 34 (2d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)). Simply put, to survive a Rule 12(c) motion, "[t]he complaint must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* More specifically, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Urbina v. City of New York*, 672 Fed. App'x 52, 54 (2d Cir. 2016) (internal quotation marks and citation omitted). Finally, "[o]n a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (internal quotation

---

[2] JAS Ireland filed its own motion for summary judgment, which "incorporates by reference and adopts the various arguments asserted by defendant Shipco in its moving papers." ECF No. 67 at 1. Accordingly, the Court construes the relief sought by JAS Ireland as judgment on the pleadings, in addition to summary judgment.

marks and citations omitted). The complaint is "deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." *Id.* (internal quotation marks and citations omitted).

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 106 (1986). "There is no issue of material fact where the facts are irrelevant to the disposition of the matter." *Chartis Seguros Mexico, S.A. de C.V. v. HLI Rail & Rigging, LLC*, 967 F. Supp. 2d 756, 761 (S.D.N.Y. 2013); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that a fact is material if it would "affect the outcome of the suit under governing law"). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

In deciding a summary judgment motion, courts must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in her favor. *Niagara Mohawk Power Corp. v. Jones Chemical Inc.,* 315 F.3d 171, 175 (2d Cir. 2003). Courts may not assess credibility, nor may they decide between conflicting versions of events, because those matters are reserved for the jury. *Jeffreys v. City of New York,* 426 F.3d 549, 553–54 (2d Cir. 2005). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Id.* (quoting *Anderson,* 477 U.S. at 252).

"A court may indeed convert a motion for judgment on the pleadings into a motion for summary judgment if matters outside the pleadings are presented to and not excluded by the court."

4

*Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 521 (2d Cir. 2006) (quoting Fed. R. Civ. P. 12(c)). The Court exercises its discretion to consider the extrinsic material presented and therefore treats the motions as summary judgment motions.[3]

## DISCUSSION

In their opposition motion, Plaintiffs, for the first time in this action, assert claims under the U.S. Carriage of Goods by Sea Act, 46 U.S.C § 30701 ("COGSA"). However, COGSA is inapplicable here where salvage damages, rather than any physical damage or loss, are at issue. *See Hellenic Lines, Ltd. v. Embassy of Pakistan*, 467 F.2d 1150, 1156 (2d Cir. 1972) ("The provision 'loss or damage' in [COGSA] refers to physical loss or damage to the goods. . . . [d]etention is wholly unconnected with physical loss or damage to goods and is a matter which COGSA left to be dealt with by contract between the parties."); *Bubble Up Int'l Ltd. v. Transpacific Carriers Corp.*, 458 F. Supp. 1100, 1104 n.4 (S.D.N.Y. 1978) ("[T]he COGSA statute of limitations does not apply to actions to recover salvage or General Average deposits; such actions are construed as actions for indemnity, not actions for loss or damage . . . ."); *see also Nissho-Iwai Co. v. M/T Stolt Lion*, 617 F.2d 907, 912 (2d Cir. 1980) ("Under COGSA, a shipper or consignee may establish a prima facie case against the 'carrier,' . . . by showing that the cargo was delivered in good condition to the carrier but was in damaged condition when discharged."). Therefore, Plaintiffs' relief should "be dealt with by contract between the parties." *Hellenic Lines*, 467 F.2d at 1156. However, Plaintiffs have not pleaded a contract cause of action.

---

[3] As the Court grants the motions for summary judgment in their entirety, the Court does not address the arguments concerning failure to join an indispensable party.

Additionally, even if COGSA applied here, the NVOCC Defendants would not be liable for unseaworthiness. While COGSA does require a carrier "to exercise due diligence to . . . [m]ake the ship seaworthy," 46 U.S.C. § 30705 (a)(1), as NVOCCs, NVOCC Defendants did not control the Vessel and thus did not have that duty. *Starr Indemintiy & Liab. Co. v. Transfair N. Am. Int'l Freight Servs.*, No. C17-697 RAJ, 2018 WL 4002541, at *4 (W.D. Wash. Aug. 22, 2018) ("NVOCCs are non-vessel-operating intermediaries, and do not have physical control over specific vessels. NVOCCs, which do not operate vessels, are not likely to have the right or practical ability to inspect ships for seaworthiness or order repairs. It strikes this Court as unrealistic to hold NVOCCs to impossible duties."); Andrew D. Kehagiaras, *Duty Call: Do NVOCCs Have a Duty to Exercise Due Diligence to Make a Ship Seaworthy?*, 27 U.S.F. Mar. L.J. 37, 39 (2015)("[T]he only reasonable construction under COGSA is that the duty to exercise due diligence to make a ship seaworthy is peculiar to vessel-operating common carriers, and does not extend to NVOCCs."); *see also Thyssen Steel Caribbean, Inc. v. Palma Armadora S.A.*, No. 81-cv-6066 (RWS), 1983 WL 674, at *6 (S.D.N.Y. May 19, 1983)("[Carrier who did not own the vessel] was entitled to rely on [the vessel owner's] warranty of seaworthiness contained in the charter." (citing *Hasbro Indus. v. M/S St. Constantine*, 698 F.2d 1008 (9th Cir. 1983)), *aff'd sub nom. Thyssen Steel v. Palma Armadora S.A.*, 742 F.2d 1441 (2d Cir. 1984).

Nor are the NVOCC Defendants liable under common law maritime indemnity. Plaintiff has failed to make the requisite showing that the NVOCC Defendants are at fault for the grounding. "Tort indemnity is . . . limited to cases where a non-negligent or vicariously liable tortfeasor is entitled to indemnity from a person who is guilty of action fault." § 5:16. Liability, contribution

6

and indemnity, 1 Admiralty & Mar. Law § 5:16 (6th ed.) (collecting cases). The amended complaint does not establish such "actual fault."

Last, the non-NVOCC Defendants—the Vessel Owner and Onboard Logistics USA Inc. ("Onboard")—have not sought dismissal and have not appeared in this action. The Vessel Owner must be dismissed. Plaintiffs have failed to serve the Vessel Owner within the proper timeframe. Further, Plaintiffs have acknowledged that the Vessel Owner *cannot* be served, stating in their opposition brief that "the Vessel Owner is not subject to service of process by this Court." ECF No. 75 at 21. Plaintiffs filed their amended complaint on August 10, 2020 and the 90-day period in which Plaintiffs were required to serve the Vessel owner has long expired. *See* Fed. R. Civ. P. 4(m). Thus, the Court finds that the Vessel Owner must be dismissed. *See USHA (India), Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 134 (2d Cir. 2005) (holding that where "the plaintiff did not attempt to serve the defendant in the foreign country" the Court is "required to dismiss the action as to" the foreign defendant (internal quotation marks and citations omitted)).

The remaining defendant, Onboard, has also failed to appear. Onboard was served with the initial complaint on July 6, 2020 and its answer was due July 27, 2020.[4] ECF No. 15. Plaintiffs have not moved for default.

Accordingly, Plaintiffs are hereby ORDERED TO SHOW CAUSE why Defendant Onboard should not be dismissed without prejudice for failure to prosecute for failure to move for default pursuant to Fed. R. Civ. P. 41(b). *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206,

---

[4] Although Plaintiffs filed an amended complaint, they were not required to serve it upon Onboard. Pleadings, including amended complaints, made after the original complaint must be served. Fed. R. Civ. P. 5(a)(1)(B). However, "[n]o service is required on a party who is in default for failing to appear," unless the amended complaint "asserts a new claim for relief against such a party." Fed. R. Civ. P. 5 (a)(2). The amended complaint does not appear to assert any new claims against Onboard.

209 (2d Cir. 2001) ("It is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute . . . ."). Such showing should be made by filing a written response no later than 14 days after this opinion is entered. Any failure of Plaintiffs to make this showing will result in a dismissal without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

## CONCLUSION

For the reasons above, the Court **GRANTS** Defendants Shipco Transport, Inc. and JAS Forwarding Services (Ireland) Limited d/b/a Blue World Line's motions. The Court also dismisses Defendant As Fortuna Opco B.V. Plaintiffs are ordered to show cause why Onboard Logistics USA Inc. should not be dismissed. Accordingly, the Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 55 and 63, and terminate Defendants Shipco Transport, Inc., JAS Forwarding Services (Ireland) Limited d/b/a Blue World Line, and As Fortuna Opco B.V.

**SO ORDERED.**

Dated: March 31, 2022
       New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**